PER CURIAM.
 
 *
 

 Plaintiff filed the instant medical malpractice suit against relator, Bradley C. Banks, M.D. Plaintiff alleged relator breached the appropriate standard of care by giving a deposition without her consent in connection with an earlier personal injury suit filed by plaintiff. Plaintiff further alleged relator breached the standard of care by giving an opinion regarding her medical condition without reviewing her medical records. Relator moved for summary judgment, which the district court denied. The court of appeal denied super
 
 *997
 
 visory relief, with one judge dissenting. Relator now applies to this court.
 

 La.Code Evid. art. 510(B)(2)(a) provides there is no physician-patient privilege in a non-criminal proceeding “when the communication relates to the health condition of a patient who brings or asserts a personal injury claim in a judicial or worker’s compensation proceeding.” La.Code Evid. art. 510(E) further provides “[t]he exceptions to the privilege set forth in Paragraph B(2) shall constitute a waiver of the privilege only as to testimony at trial or to discovery of the privileged communication by one of the discovery methods authorized by Code of Civil Procedure Article 1421 et seq.” A deposition is an authorized discovery method.
 
 See
 
 La. Code Civ. P. art. 1437 and 1438. Accordingly, relator is entitled to summary judgment insofar as plaintiff asserts relator breached the applicable standard of care by giving a deposition in connection with plaintiff’s earlier personal injury suit.
 

 However, we conclude there are genuine issues of material fact as to whether relator breached the standard of care by giving an opinion regarding her medical condition without reviewing her medical records. Although relator introduced evidence supporting his contention that he did not breach the applicable standard of care, plaintiff produced opposing affidavits from expert witnesses. In light of this factual dispute, the district court did not err in denying summary judgment with regard to this claim.
 

 Accordingly, the writ is granted in part. The motion for summary judgment is granted as to plaintiff’s claim that relator breached the applicable standard of care by giving a deposition in connection with plaintiff’s earlier personal injury suit. In all other respects, the application is denied.
 

 JOHNSON, J., dissents and would deny the writ.
 

 *
 

 Chief Justice Kimball not participating in this opinion.